IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
v.                               )    Case No. 09-20133-07-JWL
                                 )
DWIGHT RHONE,                    )
                                 )
                    Defendant.   )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon the motion by defendant Dwight Rhone (Doc. # 1641) seeking the discovery of certain documents from the Government. For the reasons set forth below, the motion is **denied**.

Defendant seeks an order compelling the Government and his own trial attorney to produce certain documents relating to the search of an Arizona residence and a document concerning a particular witness's "time reduction that he received after testifying." Defendant's attorney has filed a response in which he states that he is prohibited by agreement from disseminating to defendant any such documents produced in discovery in this case by the Government. Defendant did not file a reply brief in support of his motion.

Because defendant has not provided any legal basis for his request for discovery, the Court denies this motion. Defendant relies on Rule 16(a)(1)(E)(i), which provides

that, upon a defendant's request, the Government must produce an item if it "is material to preparing the defense." *See* Fed. R. Crim. P. 16(a)(1)(E)(i). The requested items cannot be material to the preparation of defendant's defense, however, because defendant has already been convicted at trial and sentenced (and his direct appeal has been exhausted). Thus, the cited rule does not apply here. *See United States v. Neal*, 611 U.S. 399, 401 (7th Cir. 2010) (Rule 16 did not authorize discovery after conviction); *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir. 1999) (affirming denial of discovery under Rule 16 on basis that items were not material to preparation of defense after defendant had pleaded guilty); *Hawkes v. IRS*, 467 F.2d 787, 792 (6th Cir. 1972) (discovery process to help a defendant prepare for trial is unavailable after conviction and sentencing); *Farnell v. Solicitor-General of United States*, 429 F.2d 1318, 1318 (5th Cir. 1970) (affirming ruling that a motion for discovery under Rule 16 was unavailable after conviction); *United States v. Kessler*, 253 F.2d 290, 292 (2d Cir. 1958) (motion for discovery after having been found guilty was too late).

Defendant asserts in his motion that the documents are needed for the preparation of his petition for post-conviction relief pursuant to 28 U.S.C. § 2255. Rule 6 of the Rules Governing Section 2255 Proceedings does provide that a judge may authorize a petitioner's request for discovery, but defendant has not provided any authority that would permit a court to authorize discovery prior to the filing of a Section 2255 petition. Moreover, a request for discovery under Rule 6 must be supported by specific allegations giving "reason to believe that the petitioner may, if the facts are fully developed, be able

to demonstrate that he is entitled to relief." *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (*Bracy* standard applies to Section 2255 petitioner's request for discovery). Defendant has not explained how the requested documents would support any specific claim for relief under Section 2255; accordingly, even if defendant had already filed a Section 2255 petition, he would still not be entitled to the requested discovery under Rule 6. Because defendant has not provided any other legal basis for discovery from the Government at this time, the Court denies his motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Dwight Rhone's motion for discovery (Doc. # 1641) is **denied**.

IT IS SO ORDERED.

Dated this 2nd day of July, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3